December 18.
JUDGE COALTER
delivered his opinion.*
This Bill is filed to foreclose a mortgage. It is stated in the Bill to be a mortgage. If the Bill had averred that Lane had, a year before, purchased and paid for the land, and had then agreed to re-sell it to the Defendant for the sum paid, and the rent of the land for that year, it would have given such explanation of the transaction as would, I presume have required an Answer, such allegation not being so inconsistent with the transaction, as evinced by the writings, but that it might have been averred, and proved. This is not done, but it is merely alleged that the Defendant did not, within, or at the end of six weeks, pay the said sum, (which had before that time been paid to the Defendant for the said land,) with legal interest on the same, and the rent for the year 1799. The interrogatory part of the Bill calls on the Defendant to say whether he did not execute the Deed, (which is a common Deed of Bargain and Sale, without defeasance on its face:) whether the Plaintiff did not pay the said sum of money to his order: and whether he did not consent to the agreement made by the Plaintiff to restore the Deed, on his paying *the said sum with legal interest, and the rent therein mentioned: and whether it was not at his special request that the Plaintiff agreed to the terms of the aforesaid agreement.
The agreement thus referred to, bears equal date with the conveyance and states nothing like a previous sale and a re-sale; but simply that Ellzey having conveyed to Lane four hundred and seventy-five and three-fourth acres of land on that day for 4751. 15, he (Lane) agreed that if Ellzey, within, or at the end of six weeks, shall pay the said sum with legal interest, and the rent of the present year, then he agrees to give up the Deed.
The plea of usury being filed, it is said that Ellzey must prove the usury.
The Deed shows the parties to be both citizens of Virginia, and the land to lie in the County of Loudoun, so that it cannot be foreign interest.
The sum due for the rent is not stated in the Bill, but the rent, (be it more or less,) is claimed in the Bill. The quantum is not material.
It has been urged though, that the Defendant must prove his plea. This plea was filed at Rules in July, 1814, and in June, 1815, the Defendant was ruled to reply, In May, 1816, there was a general replication. No depositions were taken on either side, and in April. 1817, the cause was set for hearing by the Plaintiff.
It seems to me, that the Bill, and the documents filed with it, present such evidence of usury in support of the plea, that it must be taken as true, unless some explanation, compatible with the pleadings, had been adduced on the other side.
Nothing of this kind is done, though this Court formerly thought some explanation might possibly be given. 4 Munf. 66. No explanation being given, and the case being quite clear for the Defendant, the Decree must be affirmed.
JUDGES CABELL and CARR, concurred.